GEORGE NEESON v. L. A. MURPHY AND ANOTHER.[1]

February 18, 1938.

No. 31,506.

[1]Reported in 277 N. W. 916.

Latimer, Priebe & Cooper, for appellant.
Jay W. Smith and T. M. Thomson, for respondent.

HOLT, JUSTICE.

Defendant Murphy appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff recovered a verdict for personal injuries sustained when a Buick car owned by defendant Murphy and operated by defendant Rossow collided with a truck, on the left running board of which plaintiff had one foot, throwing him down. There is no dispute as to the fact of the collision or its results as to plaintiff. Plaintiff was working with a night street-cleaning crew of the city of Minneapolis. There was a sweeper and dump truck, motor-driven. At 2:45 a. m. June 13, 1936, these motor vehicles parked against the northerly curb on Hennepin avenue, headed westerly and nearly up to the easterly intersection of Washington avenue, the sweeper being in front of the truck. The crew had half an hour for lunch. About a minute or so before resuming work, when the drivers had taken their position in the cabs, this Buick of defendant Murphy came up at a rapid speed from behind the truck and collided violently with the rear left corner thereof. It is conceded that defendant Rossow's negligent driving of the Buick caused plaintiff's injuries, and no further reference need be made to the details of the collision or injury, for the amount of the verdict is not questioned.

The assignments of error in this court do not attack any portion of the court's charge as faulty. Some rather indefinite exceptions were taken to the charge when concluded; but in the motion for new trial no part thereof was assigned as error, and, as stated, no assignment of error in this court relates to any specific part of the charge. Therefore the captious criticisms thereof in the brief and in the argument must be disregarded.

The assignments of error are directed to the proposition that defendant Murphy is entitled to judgment notwithstanding the verdict on the ground that the evidence is insufficient to show that Rossow drove Murphy's car with the latter's consent so that liability follows under 3 Mason Minn. St. 1936 Supp. § 2720-104. The constitutionality of the statute is not questioned. The testimony elicited from Murphy was that he was treasurer and secretary of Local No. 544 Truck Drivers' Union, affiliated with the Teamsters' Joint Council No. 32, by which Rossow was employed as organizer; that the two men came from Chicago to Minneapolis in April, 1936, traveling in a Buick car, which Murphy traded in for the one Rossow drove when plaintiff was injured; that both had rooms on the same floor in the Sheridan Hotel, Minneapolis, from the time of their arrival until after the accident; that in the basement of the Sheridan Hotel was a public garage where Murphy kept his car; that on Saturday before the accident he traded in the car in which they came from Chicago for the Buick which caused plaintiff's injuries, and drove around Saturday night and Sunday with the "boys," of whom Rossow was one. In addition, there was the testimony of Russell Smith that some days after the accident, in a telephone conversation, Murphy said he knew all about the law which makes the owner of a car liable for the negligence of one who with the owner's consent drives the same upon the public highways, and that Rossow was his regular driver. We think this situation and admission, though denied by Murphy, justified the jury in finding that Rossow drove the car at the time of the collision with the consent of Murphy. The jury could find that Murphy's credibility was thoroughly impeached by the testimony of other witnesses than Smith. The trial court did not err in refusing to direct a verdict in favor of Murphy or to order judgment *non obstante.*

Errors assigned as to rulings upon the admission and exclusion of testimony do not merit discussion. Inquiries as to the relations between Murphy and Rossow were certainly proper. One Mrs. Griffin was correctly permitted to state what particular fact caused her to remember the testimony regarding her interview with Murphy when he called at her employer's garage where the car was

taken for repairs after the accident. No harm was done appellant because of being required to answer that he had neither brought a civil suit nor instigated a criminal prosecution against Rossow for damaging the car, for he was permitted to show that Rossow had paid part of the bill for the repairs made. The testimony of defendant's witness Wagner with Rossow both before and after the accident was of course rightly excluded. We find no error in the rulings during the trial that would warrant a new trial.

Order affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.

---

[1]Reported in 277 N. W. 918.